IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ROBERT DAVIS,

                      Plaintiff,

        v.                                    CASE NO. 18-3107-SAC

DEREK SCHMIDT, et al.,

                      Defendants.

## MEMORANDUM AND ORDER

This matter is before the Court on a Motion to Dismiss filed by Defendant Tim Keck (ECF No. 20). Defendant Keck is the Secretary of the Kansas Department for Aging and Disability Services. He argues that Plaintiff fails to state a claim upon which relief can be granted against him. Plaintiff has not responded to Defendant's motion. After considering the motion and memorandum in support, the Court grants the motion.

Plaintiff's complaint alleges his civil rights have been violated by being housed in a correctional facility while awaiting a trial on involuntary civil commitment under the Kansas Sexually Violent Predator Act, K.S.A. 59-29a01, *et seq.* ("KSVPA"), rather than a civilian hospital where he could receive appropriate treatment and be treated as a civilian. Plaintiff has been housed at the Sedgwick County Detention Facility since he was released on parole from Hutchinson Correctional Facility on December 31, 2015.

Defendant Keck argues that under the statutory scheme of the KSVPA, he is not responsible for Plaintiff or for his housing or treatment until he is civilly committed. The Court

1

agrees. The KSVPA provides that the agency with jurisdiction over a person appearing to meet the criteria of a sexually violent predator shall refer the person to the Kansas Attorney General and a multidisciplinary team established by the Secretary of Corrections for assessment of whether the criteria are met. K.S.A. 59-29a03. If a prosecutor's review committee established by the Attorney General determines the person meets the definition of a sexually violent predator, the Attorney General is responsible for filing a petition seeking commitment under the KSVPA. K.S.A. 59-29a04. A judge then determines whether probable cause exists to believe the person is a sexually violent predator. K.S.A. 59-29a05. If probable cause is found, the judge directs that the person be taken into custody and detained in the county jail until such time as a determination is made that the person is a sexually violent predator subject to commitment. *Id.* The Kansas Department for Aging and Disability Services, of which Defendant Keck is the Secretary, is not responsible or involved under the statutes until that determination is made.

Because Defendant Keck was not involved in the initiation of the case under the KSVPA resulting in Plaintiff's placement at the Sedgwick County Detention Facility and because Defendant Keck is not responsible for Plaintiff's care or the conditions of which he complains[1], Plaintiff fails to state a claim upon which relief can be granted as to Defendant Keck.

**IT IS ORDERED** that Defendant Keck's Motion to Dismiss (ECF No. 20) is **granted**. Defendant Keck is dismissed from this action.

**IT IS SO ORDERED.**

---

[1] It appears that circumstances may have changed since Defendant Keck filed his motion to dismiss in that Plaintiff is currently housed at Larned State Hospital, according to the Offender Registry maintained by the Kansas Bureau of Investigation. However, even if Plaintiff has been adjudged a sexually violent predator and committed to the custody of Defendant Keck's agency, the complaint addresses Plaintiff's treatment *prior to* that commitment.

DATED: This 7th day of June, 2019, at Topeka, Kansas.


          **s/ Sam A. Crow**
          **SAM A. CROW**
          **U.S. Senior District Judge**