IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ROBERT DAVIS,

    Plaintiff,

v.                        CASE NO. 18-3107-SAC

DEREK SCHMIDT, et al.,

    Defendants.

## O R D E R

This matter is before the Court on two motions filed by Plaintiff: 1) a Motion and Declaration for Leave to Appeal In Forma Pauperis (ECF No. 34) and 2) a Motion to Appoint Counsel (ECF No. 35).

**Motion and Declaration for Leave to Appeal In Forma Pauperis (ECF No. 34)**

Plaintiff asks the Court for leave to pursue an interlocutory appeal without prepaying the filing fee. Before filing this motion, the Court issued an order denying certification of Plaintiff's interlocutory appeal because it did not involve a controlling question of law as to which there is substantial ground for difference of opinion, nor did the Court find that an immediate appeal might materially advance the ultimate resolution of this matter. *See* ECF No. 33. Because the Court denied certification, Plaintiff's motion to proceed in forma pauperis on appeal is also denied. Moreover, Plaintiff's motion is moot because the Tenth Circuit Court of Appeals dismissed Plaintiff's appeal for lack of prosecution on August 8, 2019. *See* ECF No. 36.

1

**Motion to Appoint Counsel (ECF No. 35)**

In his motion, Plaintiff requests appointment of counsel to assist with his appeal. He refers to authority for the proposition that persons subject to civil commitment are entitled to counsel for habeas proceedings.

However, as noted above, Plaintiff's interlocutory appeal has been dismissed. In addition, this action is not a habeas corpus proceeding. Plaintiff filed a complaint for violation of his civil rights under 42 U.S.C. § 1983. There is no constitutional right to the appointment of counsel in a civil case. *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989); *Carper v. Deland*, 54 F.3d 613, 616 (10th Cir. 1995). The decision whether to appoint counsel in a civil matter lies within the discretion of the district court. *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991). "The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *Steffey v. Orman*, 461 F.3d 1218, 1223 (10th Cir. 2006), quoting *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004). It is not enough "that having counsel appointed would have assisted [the prisoner] in presenting his strongest possible case, [as] the same could be said in any case." *Steffey,* 461 F.3d at 1223, quoting *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995). In deciding whether to appoint counsel, the district court should consider "the merits of the prisoner's claims, the nature and complexity of the factual and legal issues, and the prisoner's ability to investigate the facts and present his claims." *Rucks*, 57 F.3d at 979; *Hill*, 393 F.3d at 1115.

Considering these factors, the Court concludes that it is not clear at this point that there is sufficient merit to Plaintiff's claim to warrant appointment of counsel. Therefore, the Court denies Plaintiff's Motion to Appoint Counsel at this time. However, this denial is made without prejudice.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion and Declaration for Leave to Appeal In Forma Pauperis (ECF No. 34) is **denied**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Appoint Counsel (ECF No. 35) is **denied without prejudice**.

**IT IS SO ORDERED.**

**DATED:  This 13th day of August, 2019, at Topeka, Kansas.**

**s/_Sam A. Crow_____**
**SAM A. CROW**
**U.S. Senior District Judge**