# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| ROBERT DAVIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 18-3107-EFM-KGG |
| | ) | |
| DEREK SCHMIDT, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## MEMORANDUM & ORDER ON
## THIRD MOTION TO APPOINT COUNSEL

Plaintiff Robert Davis, representing himself *pro se*, has filed his third Motion to Appoint Counsel. (Doc. 41.) The two prior motions were denied by the Honorable Senior District Judge Samuel A. Crow, without prejudice. After review of Plaintiff's motion, as well as his Complaint and other filings herein, the Court **DENIES** Plaintiff's request for counsel (Doc. 41).

As an initial matter, the Court notes that there is no constitutional right to have counsel appointed in civil cases such as this one. **Beaudry v. Corr. Corp. of Am.**, 331 F.3d 1164, 1169 (10th Cir. 2003). "[A] district court has discretion to request counsel to represent an indigent party in a civil case" pursuant to 28 U.S.C. § 1915(e)(1). **Commodity Futures Trading Comm'n v. Brockbank**, 316 F. App'x

1

707, 712 (10th Cir. 2008). The decision whether to appoint counsel "is left to the sound discretion of the district court." *Lyons v. Kyner*, 367 F. App'x 878, n.9 (10th Cir. 2010) (citation omitted).

The Tenth Circuit has identified four factors to be considered when a court is deciding whether to appoint counsel for an individual: (1) plaintiff's ability to afford counsel, (2) plaintiff's diligence in searching for counsel, (3) the merits of plaintiff's case, and (4) plaintiff's capacity to prepare and present the case without the aid of counsel. *McCarthy v. Weinberg*, 753 F.2d 836, 838-39 (10th Cir. 1985) (listing factors applicable to applications under the IFP statute); *Castner v. Colorado Springs Cablevision*, 979 F.2d 1417, 1421 (10th Cir. 1992) (listing factors applicable to applications under Title VII). Thoughtful and prudent use of the appointment power is necessary so that willing counsel may be located without the need to make coercive appointments. The indiscriminate appointment of volunteer counsel to undeserving claims will waste a precious resource and may discourage attorneys from donating their time. *Castner*, 979 F.2d at 1421.

Based on the information provided, the Court is satisfied that the financial situation of Plaintiff, who is incarcerated, would make it impossible for him to afford counsel. The second factor is Plaintiff's diligence in searching for counsel. Based on the information contained in Plaintiff's first motion requesting counsel,

the Court is satisfied that Plaintiff has been diligent, but unsuccessful, in attempting to secure legal representation. (Doc. 3.)

The next factor is the viability of Plaintiff's claims in federal court. *See* **McCarthy**, 753 F.2d at 838-39 (10th Cir. 1985); **Castner**, 979 F.2d at 1421.

> Plaintiff brings two (2) counts. He alleges that being housed in a correctional facility while waiting trial under the KSVPA, rather than a civilian hospital where he could receive appropriate treatment and be treated as a civilian, violates his Eighth Amendment right to be free from cruel and unusual punishment and his Fourteenth Amendment due process rights. Plaintiff seeks declaratory relief finding the KSVPA unconstitutional, or, in the alternative, ordering that all persons awaiting possible adjudication as sexually violent predators be housed in a civilian facility and receive appropriate treatment.

(Doc. 11, at 2.) The Court notes that the prior District Judge assigned to this case, in ruling on Plaintiff's two prior requests for counsel, did not make a finding that his claims were unviable. (*Id.*; *see also* Doc. 37.) Further, while one Defendant has successfully moved for dismissal of Plaintiff's claims, Plaintiff's claims remain pending as to two Defendants.

The Court's analysis thus turns to the final factor, Plaintiff's capacity to prepare and present the case without the aid of counsel. **Castner**, 979 F.2d at 1420-21. In considering this factor, the Court must look to the complexity of the legal issues and Plaintiff's ability to gather and present crucial facts. *Id.*, at 1422. The Court notes that the factual and legal issues in this case are not unusually

complex.  *Cf. Kayhill v. Unified Govern. of Wyandotte*, 197 F.R.D. 454, 458 (D.Kan. 2000) (finding that the "factual and legal issues" in a case involving a former employee's allegations of race, religion, sex, national origin, and disability discrimination were "not complex").

The Court sees no basis to distinguish Plaintiff from the many other untrained individuals, many of whom are incarcerated, who represent themselves *pro se* on various types of claims in Courts throughout the United States on any given day.  Plaintiff argues that "[c]ounsel will be better able to prepare and argue the Plaintiff's case on appeal." (Doc. 41, at 1.)  Although Plaintiff is not trained as an attorney, and while an attorney might present this case more effectively, this fact alone does not warrant appointment of counsel as it applies to virtually all individuals representing themselves *pro se*.  *See Steffey v. Orman*, 461 F.3d 1218, 1223 (10th Cir. 2006) (citation omitted).

Plaintiff also argues that he "is entitled to the appointment of counsel as shown in recent habeas proceedings and appeals of court decisions." (Doc. 41, at 2 (citation omitted).)  As stated by the prior District Judge assigned to this case, "this action is not a habeas corpus proceeding.  Plaintiff filed a complaint for violation of his civil rights under 42 U.S.C. § 1983.  There is no constitutional right to the appointment of counsel in a civil case." (Doc. 37, at 2 (citing *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989) and *Carper v. Deland*, 54 F.3d 613, 616 (10th

Cir. 1995)).  As such, the Motion to Appoint Counsel (Doc. 41, sealed) is

**DENIED**.

IT IS THEREFORE ORDERED that Plaintiff's Motion for Appointment of

Counsel (Doc. 41) is **DENIED**.

**IT IS SO ORDERED**.

Dated at Wichita, Kansas, on this 20th day of March, 2020.

S/ KENNETH G. GALE  
KENNETH G. GALE  
United States Magistrate Judge