## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

ROBERT DAVIS,

*Plaintiff,*

vs.

Case No. 18-cv-03107-EFM-KGG

DEREK SCHMIDT and JEFFREY EASTER,

*Defendants.*

## MEMORANDUM AND ORDER

Pro se Plaintiff Robert Davis brings a claim for injunctive relief in the form of the repeal of the Kansas Sexually Violent Predator Act, K.S.A § 59-29a01, *et seq.* ("KSVPA"), as well as immediate release from Sedgwick County Detention Facility ("SCDF"), where he was committed during his parole pursuant to the KSVPA. He also requests that all offenders who have been held at Larned State Hospital pursuant to the KSVPA either be released or moved to civilian hospitals or facilities. He has named Kansas Attorney General Derek Schmidt and the Sheriff of Sedgwick County, Jeffrey Easter, as defendants. Davis has filed a Motion to Amend Complaint (Doc. 44) seeking to clarify how the Defendants were responsible for the damages he claims. In response, Defendant Easter has filed a Combined Response in Opposition to Plaintiff's Motion to Amend Complaint and Defendant Jeff Easter's Motion to Dismiss (Doc. 48). For reasons stated in more

detail below, the Court denies Davis's Motion to Amend Complaint. The Court also denies Easter's Motion to Dismiss.

## I.    Factual and Procedural Background[1]

Davis was released on parole for an unidentified crime from Hutchinson Correctional Facility in December 2015.  Pursuant to a jury finding under the KSVPA that he was a sexually violent predator, Davis was promptly booked into the Sedgwick County Detention Center.  He has been housed there ever since.

On April 24, 2018, Davis filed suit against Attorney General Derek Schmidt, Sheriff Jeffrey Easter, and Secretary of the Kansas Department for Aging and Disability Services Tim Keck in their official capacities.  Davis cited Eighth and Fourteenth Amendment violations inflicted on him by the Defendants in their application of the KSVPA to him.  He maintains that being held in a criminal detention center rather than a civilian hospital or facility is a violation of his right not to have cruel and unusual punishment inflicted on him.  Keck has since been dismissed from this claim.

Easter filed his Answer to the Complaint on September 7, 2018.  He filed no other motions or pleadings of any kind between waiving the service of summons and the day he submitted his Answer.

On April 2, 2020, Davis filed a Motion to Amend Complaint.  In response, on April 15, 2020, Easter filed a single document in which he includes a Response in Opposition to Plaintiff's Motion to Amend Complaint and a Motion to Dismiss.  Both motions are before this Court today.

---

[1] The facts are taken from Davis's Complaint and are accepted as true for the purposes of this ruling.

## II.      Legal Standard

### A.      Motion to Amend Complaint

Under Federal Rule of Civil Procedure 15, parties may amend pleadings "once as a matter of course" before trial if they do so within (A) twenty-one days of serving the pleading or (B) "if the pleading is one to which a responsive pleading is required," twenty-one days of service of a responsive pleading or a motion under Federal Rule of Civil Procedure 12(b), (e), or (f), whichever is earlier.[2]  Other amendments before trial are allowed "only with the opposing party's written consent or the court's leave."[3]  Courts "should freely give leave when justice so requires."[4]  Rule 15 is intended "to provide litigants 'the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties.' "[5]  Courts, however, may deny leave to amend based on undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of amendment.[6]  Whether to allow a proposed amendment, after the permissive period, addresses the sound discretion of the court.[7]

---

[2] Fed. R. Civ. P. 15(a)(1).

[3] Fed. R. Civ. P. 15(a)(2).

[4] *Id.*; *accord Foman v. Davis*, 371 U.S. 178, 182 (1962).

[5] *Minter v. Prime Equip. Co.,* 451 F.3d 1196, 1204 (10th Cir. 2006) (quoting *Hardin v. Manitowoc–Forsythe Corp.,* 691 F.2d 449, 456 (10th Cir. 1982)).

[6] *Foman*, 371 U.S. at 182; *Wilkerson v. Shinseki,* 606 F.3d 1256, 1268 (10th Cir. 2010); *Minter,* 451 F.3d at 1204.

[7] *Foman*, 371 U.S. at 182.

**B.      Motion to Dismiss**

Under Rule 12(b)(6), a defendant may move for dismissal of any claim for which the plaintiff has failed to state a claim upon which relief can be granted.[8]  Upon such motion, the court must decide "whether the complaint contains 'enough facts to state a claim to relief that is plausible on its face.' "[9]  A claim is facially plausible if the plaintiff pleads facts sufficient for the court to reasonably infer that the defendant is liable for the alleged misconduct.[10]  The plausibility standard reflects the requirement in Rule 8 that pleadings provide defendants with fair notice of the nature of claims as well the grounds on which each claim rests.[11]

Pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers."[12]  A pro se litigant is entitled to a liberal construction of his pleadings.[13]  If a court can reasonably read a pro se complaint in such a way that it could state a claim on which it could prevail, it should do so despite "failure to cite proper legal authority . . . confusion of various legal theories . . . or [Plaintiff's] unfamiliarity with pleading requirements."[14]  But it is not the

---

[8] Fed. R. Civ. P. 12(b)(6).

[9] *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[10] *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

[11] *See Robbins v. Oklahoma*, 519 F.3d 1242, 1248 (10th Cir. 2008) (citations omitted); *see also* Fed. R. Civ. P. 8(a)(2).

[12] *Haines v. Kerner,* 404 U.S. 519, 520 (1972).

[13] *See Trackwell v. U.S. Gov't,* 472 F.3d 1242, 1243 (10th Cir. 2007) ("Because Mr. Trackwell appears pro se, we review his pleadings and other papers liberally and hold them to a less stringent standard than those drafted by attorneys.").

[14] *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991).

proper role of a district court to "assume the role of advocate for the pro se litigant."[15]  As it relates to motions to dismiss generally, "the court accepts the well-pleaded allegations of the complaint as true and construes them in the light most favorable to the plaintiff."[16]  "Well-pleaded" allegations are those that are facially plausible such that "the court [can] draw the reasonable inference that the defendant is liable for the misconduct alleged."[17]

### III.   Analysis

**A.   Motion to Amend Complaint**

The Court first examines whether justice requires allowing the amendment to Davis's Complaint.  In examining the proposed amended complaint, the Court finds numerous deficiencies that make it unable to be accepted as a complaint.

The first and most significant flaw in the proposed amended complaint is its failure to state the relief that Davis seeks.  After a description of the violations of the Eighth and Fourteenth Amendments he alleges Schmidt and Easter committed, he adds only the following: "Wherefore, the Plaintiff humbly and respectfully prays that this Honorable Court grants this Amended Complaint."[18]  He asks for the Court to grant this amended complaint, but he does not actually state what his overall claim for relief is.  In order to be a proper complaint, it must include a prayer for relief like the one included in the original Complaint.  It is possible that Davis intended for this proposed amended complaint to serve as additions or alterations to the original Complaint, but the Court does not take it on itself to blend a complaint and its amendments into a new complaint for

---

[15] *Id.*

[16] *Ramirez v. Dep't of Corr., Colo.,* 222 F.3d 1238, 1240 (10th Cir. 2000).

[17] *Iqbal,* 556 U.S. at 678.

[18] Doc. 44, at 2.

the plaintiff.  A proper amended complaint should include all the claims and facts that the plaintiff wants to keep from the original Complaint.

Additionally, a related deficiency is the failure to allege any specific facts that indicate that Schmidt or Easter violated Davis's rights in their official or individual capacity.  Similar to the problem with the prayer for relief deficiency, it seems likely that Davis is mistaken about the process by which amending complaints is done. Any facts that indicate how the Defendants violated Davis's rights should have been included in the proposed amended complaint as they do not carry over automatically from the original Complaint.

The proposed amended complaint reads in part, "Defendant Derek Schmidt, in his Individual and Official capacity, violated the Plaintiff's 14th Amendment Rights for protection against Cruel and Unusual Punishment by housing the Plaintiff in the Sedgwick County Jail pursuant to K.S.A. 59-29a05 when the Plaintiff was a Civilian and not a Criminal Defendant and the Defendant knew that the Plaintiff was not to be housed as a Criminal Defendant or with Criminal Defendants pursuant to K.S.A. 59-29a01."[19]  There is an otherwise identical paragraph identifying Easter as another offender.  It goes on, "Both Defendants, Honorable Derek Schmidt and Sheriff Jeff Easter, in their Individual and Official capacity, violated the Plaintiffs [sic] 8th Amendment Rights by the living conditions the Plaintiff had to endure over his 39 months in the Sedgwick County Jail while awaiting the conclusion of case #2015-PR-1528."[20]  There are some sparse statements of fact that back up the conclusory claims about violations of the Eighth and Fourteenth Amendments, but they do not refer to the Defendants personally at all.  Even if Schmidt

---

[19] Doc. 44, at 2.

[20] Doc. 44, at 2.

and Easter are responsible for Davis's incarceration in the SCDF, he notes that they did so pursuant to state law, thereby making them state actors working in their official capacities.  He alleges nothing that either of them did in their individual capacities despite stating a claim against both in their individual capacities.  He also only makes a vague allusion to poor living conditions in the SCDF without alleging any specifics of what parts of living there violated his Eighth Amendment rights.  Any facts backing this claim that existed in the original Complaint should have been reiterated in the proposed amended complaint.

Overall, the proposed amended complaint is deficient because it only notes changes Davis would like to make to his Complaint rather than being itself a complete new complaint.  If Davis wishes to amend his Complaint, he should first file a new motion to amend complaint, then submit with that motion a full complaint with all allegations he wishes to make and specific facts in support of those allegations integrated throughout, as well as a renewed prayer for relief.[21]  At this time, however, the Court denies his Motion to Amend Complaint.

**B.**     **Motion to Dismiss**

Federal Rule of Civil Procedure 12, after listing the reasons for which a defendant may move to dismiss, provides: "[a] motion asserting any of these defenses must be made before pleading if a responsive pleading is allowed."[22]   Rule 7(a)(2) provides that "an answer to a

---

[21] The Court notes that Davis has included specific facts regarding the circumstances of his transport to SCDF, his treatment at SCDF, and other factors elaborating on his quality of life while incarcerated, as well as an updated claim for relief, in his Response to Defendant Jeffrey Easter's Motion to Dismiss (Doc. 50) and his Reply to Response to Motion to Amend Complaint (Doc. 52).  These specific facts and claims should be presented in a complaint rather than in replies to motions.

[22] Fed. R. Civ. P. 12.

complaint" is among the pleadings allowed in federal court.[23]  On September 7, 2018, Easter filed his Answer to Davis's Complaint.  In so doing, Easter barred himself from making any motion under Rule 12(b) to dismiss that Complaint.

Nevertheless, Easter filed a Motion to Dismiss anyway, in conjunction with a Response in Opposition to Plaintiff's Motion to Amend Complaint.  The Motion to Dismiss cites Rule 12(b)(6) as the reason for which the case should be dismissed.  Because it relies on Rule 12(b), Easter's motion is therefore untimely submitted.  The contents of the combined response and motion make it ambiguous whether the complaint Easter wishes to dismiss is the original Complaint or the proposed amended complaint, or perhaps both.  Regardless, the timing is not correct for either.  If he wants the Court to dismiss the original Complaint, he has already barred himself from raising this defense in a 12(b)(6) motion by his previously filed Answer.  Conversely, if he wants the Court to dismiss the amended complaint, his motion is premature because the amended complaint has not been granted yet, and indeed under this order has been denied.  As a result, only the original Complaint remains, and Easter cannot move to dismiss it under Rule 12(b).  Consequently, Easter's Motion to Dismiss is denied.

However, the Court sees fit to remind Easter that other avenues for dismissal exist.  In particular, the timing window for Rule 12(c) is different than for Rule 12(b).[24]  If Easter wishes the Court to revisit the merits of dismissing this claim, he should do so in the form of a timely motion.

---

[23] Fed. R. Civ. P. 7(a)(2).

[24] Fed. R. Civ. P. 12(c) ("After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings.").

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Amend Complaint (Doc. 44) is **DENIED.**

**IT IS FURTHER ORDERED** that Defendant Easter's Motion to Dismiss (Doc. 48) is **DENIED.**

**IT IS SO ORDERED.**

Dated this 12th day of June, 2020.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE